**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

STAR TECHNOLOGIES, LLC,
a West Virginia Limited Liability Company,

Plaintiff,

v.                                                      CIVIL   ACTION   NO.   3:12-1720

GILLIG LLC,
a California Limited Liability Company,

Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant's Motion to Transfer Venue.  ECF No. 8.  Defendant seeks to transfer this action to the Northern District of California pursuant to 28 U.S.C. § 1404(a).   For the following reasons, the Court **DENIES** Defendant's motion.

**I.      FACTUAL BACKGROUND**

This case arises from a contract dispute.  Plaintiff Star Technologies, LLC, is a West Virginia Limited Liability Company that manufactures cushion clamps, which are parts used in manufacturing transit buses.  Defendant Gillig LLC is a California Limited Liability Company that manufactures heavy-duty transit buses.  In early 2011, the parties entered into preliminary discussions for Defendant to purchase clamps from Plaintiff.  On March 15, 2011, Defendant Gillig transmitted to Plaintiff a nine-page purchase order by fax.  Beneath the vendor and purchaser information on the top half of each page appeared the following statements in small print:

> THIS   ORDER   IS   SUBJECT   TO   ALL   TERMS   AND   CONDITIONS
> CONTAINED ON THE FRONT AND REVERSE SIDES OF THE SIGNED

CONFIRMING PURCHASE ORDER THAT WILL FOLLOW VIA THE US POSTAL SERVICE.

THIS ORDER WILL BE DEEMED ACCEPTED BY VENDOR EITHER UPON RECEIPT BY BUYER OF A SIGNED COPY OF THE CONFIRMING PURCHASE ORDER OR IF NO SIGNED COPY IS RECEIVED WTIHIN TEN (10) DAYS OF THE DATE OF THIS PURCHASE ORDER THEN WITHIN FIVE (5) DAYS THEREAFTER.

*See* Purchase Order, ECF No. 11-1, Ex. 1.   On the bottom of each page was the phrase "Signed confirming PO to follow VIA US mail."   *Id.*   The parties agree that the nine-page document that was sent by fax did not contain a "Terms and Conditions" page.   After receiving the March 15, 2011 purchase order, Plaintiffs shipped the first 1/12 of the cushion clamps under the agreement. ECF No. 9 at 2.   In May 2011, Defendant informed Plaintiff that it was rejecting the initial shipment.   Plaintiff filed the instant suit in this Court on May 29, 2012, alleging breach of contract and breach of good faith and fair dealing.   Compl., ECF No. 1.

On September 19, 2012, Defendant filed a Motion to Transfer Venue to the Northern District of California pursuant to 28 U.S.C. § 1404(a).   ECF No. 8.   In support of its motion, Defendant argues that the contract contained a forum selection clause requiring all claims arising out of the purchase order to be "litigated or prosecuted exclusively in Alameda County, California."   The Court now turns to the parties' arguments and applicable standards.

## II.    ANALYSIS

Defendant bases its argument for transfer primarily on a forum selection clause it claims was part of the parties' agreement and asserts that the forum provision alone tips the balance in favor of transfer.   Defendant does not assert that venue is *improper* in the Southern District of West Virginia.   Rather, it argues that based on the parties' agreement, this matter should be transferred to the Northern District of California, pursuant to 28 U.S.C. § 1404(a).   The Court

must therefore consider the relevant factors and the enforceability of the forum selection clause to determine whether transfer is appropriate.

### A.    Standard

Section 1404 provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a).   Decisions to transfer an action to another district court are committed to the discretion of the transferring court.   *Brock v. Entre Computer Ctrs., Inc.*, 933 F.2d 1253, 1257 (4th Cir. 1991) (citing *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).   In evaluating a motion to transfer, a district court must "weigh in the balance a number of case-specific factors."   *Stewart Organization, Inc.*, 487 U.S. at 29.   Factors commonly considered in ruling on a transfer motion include: (1) ease of access to sources of proof; (2) the convenience of parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the possibility of a view; (6) the interest in having local controversies decided at home; and (7) the interests of justice.   *AFA Enters. v. Am. States Ins. Co.*, 842 F. Supp. 902, 909 (S.D. W. Va. 1994).   In balancing the relevant factors, a district court generally accords the plaintiff's choice of forum considerable weight.   *Id.*; *see also Gulf Oil v. Gilbert*, 330 U.S. 501, 508 (1946); *Collins v. Straight, Inc.* 748 F.2d 916, 921 (4th Cir. 1984).

"The presence of a forum-selection clause . . . [is] a significant factor that figures centrally in the district court's calculus."   *Stewart Organization, Inc.*, 487 U.S. at 29.   A forum selection clause is presumptively valid.   *Allen v. Lloyd's of London,* 94 F.3d 923, 928 (4th Cir. 1996) (citing *Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 9 (1972)).   That presumption, however, may be

3

overcome by a clear showing by the non-moving party that the clause is unreasonable under the circumstances.   Unreasonableness may be found in four ways: (1) formation was induced by fraud or overreaching; (2) the non-moving party "will for all practical purposes be deprived of his day in court" because of grave inconvenience or unfairness of the selected forum; (3) fundamental unfairness of the chosen law may deprive the non-moving party of a remedy; or (4) enforcement would contravene a strong public policy of the forum state.   *Id.* (citing *Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 595 (1991)).   When evaluating the fundamental fairness of forum selection clauses, the Court must also consider bad-faith motive and the parties' notice of the clause.   *See Carnival Cruise Lines, Inc.*, 499 U.S. at 595; *Laasko v. Xerox Corp.*, 566 F. Supp. 2d 1018, 1021 (C.D. Cal. 2008).

### B.     Application

#### 1.     Traditional Case-Specific Factors

In this case, none of the traditional factors clearly weighs in favor of one forum over another.   First, regarding ease of access to sources of proof, it is unclear to the Court where the allegedly non-conforming cushion clamps are currently located.   Neither party has stated whether the parts were shipped from California back to Plaintiff in West Virginia.   Furthermore, the parties offered no evidence of the costs or burden associated with transporting evidence to either forum.   Second, the convenience to the parties and costs associated with presenting witnesses would be equally burdensome for either party.   Plaintiff would bear the costs to travel and litigate in California, and Defendant would have to bear those same costs to litigate in West Virginia. Plaintiff suggests that these related expenses would impose a far greater burden on Plaintiff than Defendant.   In support, it cites Defendant's website, describing Defendant as "the second largest

4

producer of transit buses in North America."   ECF No. 11-1, Ex. 4.   In contrast, Plaintiff claims it

is a small business with fewer than 20 employees.   Pl.'s Resp., ECF No. 11, at 5.   Plaintiff does,

however, describe itself as "the leading manufacturer of cushion clamps used by the public bus

transportation industry."   Compl., ECF No. 1, ¶ 3.   Plaintiff also has demonstrated the ability to

enter into sizable sales agreements such as the one at issue here, for hundreds of thousands of

dollars.   The Court therefore concludes that any disparity between the size and financial

capabilities of the two parties does not weigh heavily in favor of either forum.   Finally, the

suggested fora here, the Southern District of West Virginia and the Northern District of California,

each have an interest in the controversy, as the places of residence of the Plaintiff and Defendant

respectively.   Because consideration of the traditional factors does not weigh in favor of either

forum, the Court must next evaluate the enforceability of the forum selection clause.

### 2.   Plaintiff's Notice of the Forum Selection Clause

The legal effect of a forum selection clause depends in the first instance whether its

existence was reasonably communicated to the plaintiff.   *Effron v. Sun Line Cruises, Inc.*, 67 F.3d

7, 9 (2d Cir. 1995); *Electroplated Metal Solutions, Inc. v. Am. Servs., Inc.*, 500 F. Supp. 2d 974,

976 (N.D. Ill. 2007).   Plaintiff claims that the first time it became aware of the forum selection

clause was when Defendant filed its motion to transfer venue.   Affidavit of Richard Houvouras,

ECF No. 11-1, Ex. 2 (hereinafter "Houvouras Affidavit"), at ¶¶ 3-4.   In a sworn affidavit,

Plaintiff's Managing Partner who was responsible for negotiating the terms of the deal with

Defendant states that the faxed version of the purchase order was the only copy Plaintiff received.

*Id.* ¶ 6.   Consequently, Plaintiff argues, "Plaintiff never assented to this forum selection clause,"

and this lack of notice renders the clause unenforceable.   Pl.'s Resp., ECF No. 11, at 4.

Defendant argues that Plaintiff had reasonable notice of the forum selection clause in two ways.   First, Defendant concedes that the forum selection clause did not appear anywhere in the initial faxed purchase order.   However, Defendant's Vice President for After Market Parts states that after the initial Purchase Order was faxed, he personally signed a "full copy" of the Purchase Order, which listed terms and conditions on the reverse side of each page, and mailed it to Plaintiff via U.S. Mail.   Affidavit of Charles O'Brien, ECF No. 12-1, Ex. A (hereinafter "O'Brien Affidavit"), at ¶¶ 6-8.   That mailed copy was not returned as undeliverable.   *Id.* ¶ 8.   Second, Defendant further argues that even if Plaintiff did not receive the mailed copy of the purchase order, the language on the faxed copy gave notice that the order was subject to terms and conditions "contained on the front and reverse sides of the signed confirming purchase order that will follow via the US Postal Service."   *See* ECF No. 11-1, Ex. 1.

The Court concludes that under these circumstances, enforcement of the forum selection clause would be unreasonable.   There is no evidence that Plaintiff ever received pages listing the additional terms and conditions, including the forum selection clause.   The nine pages of the faxed purchase order did not include these additional terms.   *Id.*   Defendant admits that Plaintiff did not return a signed acknowledged copy of the mailed purchase order because Plaintiff purportedly accepted the agreement by making the first shipment of parts. Def.'s Reply, ECF No. 12, at 3.   Moreover, Defendant did not require a signed confirmation from Plaintiff to evidence Plaintiff's acceptance of the additional terms.   *See Mason v. CreditAnswers, LLC*, No. 07CV1919-L(POR), 2008 WL 4165155, at *3 (S.D. Cal. Sept. 5, 2008) (concluding that notice of forum selection clause was inadequate where the plaintiff "was not required to and did not sign the agreement" containing the forum provision and the agreement itself did "not emphasize or draw

6

attention to the forum selection clause in any way"); *McNair v. Monsanto Co.*, 279 F. Supp. 2d 1290, 1304 (M.D. Ga. 2003) (forum selection clause not enforced in the absence of agreements signed by the plaintiff that contained the clause and where no other evidence of notice existed). While Defendant offers proof that the terms and conditions were mailed separately, such proof that mail has been properly addressed, stamped and deposited in an appropriate receptacle creates only a presumption of delivery to the addressee. *Legille v. Dann,* 544 F.2d 1, 5 (D.C. Cir 1976). Such presumption is rebuttable by contrary evidence. *Id.; see also J. Gerber & Co., Inc. v. M/V Amer Shanti*, No. 89 CIV. 6122 (RO), 1991 WL 8468, at *2 (S.D.N.Y. Jan. 18, 1991) (refusing to enforce forum selection clause where the plaintiff rebutted evidence that it received a mailed confirmation of an agreement containing the clause and the faxed agreement the plaintiff did receive contained no reference to it). In this case, Plaintiff has offered evidence rebutting the presumption of delivery.

Furthermore, there is no evidence that the forum selection clause or any of the additional terms and conditions were communicated to Plaintiff by any other means. Defendant does not claim that the clause was specifically discussed over the phone or otherwise in the months of discussions leading to the faxed purchase order. The Court concludes that the small-print language on the faxed purchase order provides an insufficient basis to put Plaintiff on notice of the forum selection clause. While it references "terms and conditions," nothing draws attention to the fact that a forum selection clause is one of those terms and conditions. Therefore, the Court finds that Plaintiff lacked notice of the forum selection clause and its enforcement would be unreasonable.

### III.      CONCLUSION

The Court concludes that after consideration of the traditional case-specific factors, both the Southern District of West Virginia and the Northern District of California present equal burdens and conveniences for the parties.   Therefore, transfer of venue is not appropriate based on those grounds.   Additionally, the Court finds that enforcement of the forum selection clause in this case would be unreasonable due to Plaintiff's lack of notice of the clause.   For the foregoing reasons, Defendant's Motion to Transfer Venue is **DENIED.**

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:          October 19, 2012

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE